UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RANDY ALLEN WEEMS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-180 |
| | § | |
| CITY OF ALICE, TEXAS, *et al*, | § | |
| | § | |
| Defendant. | § | |

**ORDER GRANTING PLAINTIFF'S OPPOSED MOTION TO
AMEND AND ORDER GRANTING DEFENDANT'S UNOPPOSED
MOTION TO EXTEND DISPOSITIVE MOTION DEADLINE**

Pending are Plaintiff's Opposed Motion For Leave To File An Amended Complaint (D.E. 29) and Defendants' Unopposed Motion to Extend Dispositive Motion Deadline (D.E. 33). The motions are **GRANTED** for the reasons set forth below.

Plaintiff is the former Chief of Police for the City of Alice, Texas. On March 18, 2014, Plaintiff submitted his letter of resignation to the interim Alice City Manager to be effective June 1, 2014, with the stipulation that Plaintiff be allowed to use accumulated compensatory time prior to his resignation. The letter of resignation with the included stipulations was initially accepted, however, a decision was then made the same day to accelerate Plaintiff's resignation effective immediately. On May 21, 2014, Plaintiff filed his Original Complaint alleging claims that Defendants violated provisions of Texas Whistleblower statute by interfering with Plaintiff's involvement in an official investigation.

The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. The case was referred to the undersigned Magistrate Judge for case management including the determination of all procedural and discovery motions. (D.E. 6). Plaintiff seeks to amend his complaint to add a breach of contract claim.

Where a scheduling order has been entered establishing a deadline for amendments to pleadings, Federal Rule of Civil Procedure 16(b) provides the standard for requests to amend after a scheduling order's deadline has expired. *Marathon Fin. Ins., Inc. v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009). "Rule 16(b) provides that once a scheduling order has been entered, it 'may be modified only for good cause and with the judge's consent.'" *Marathon*, 591 F.3d at 470 (*quoting* Fed. R. Civ. P. 16(b)). Rule 16(b) requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* (*quoting S & W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir.2003)). To determine whether the moving party has established good cause, the Court considers the following four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (*quoting Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir.2003)).

Plaintiff's explanation for his failure to timely move to amend amounts to counsel's failure to identify and plead this cause of action. However, Plaintiff filed this action approximately two months after leaving his employment with the City of Alice. The short time period provides some explanation why the theories of the case were not

fully developed. The discovery process enabled Plaintiff to more fully understand the facts and theories of his case. While not the strongest of reasons, the other factors weigh more heavily in Plaintiff's favor.

The amendment is important because the breach of contract claim is apparently among Plaintiff's primary grievances giving rise to this lawsuit. The circumstances of Plaintiff leaving his employment have always been central to the case. Prejudice to the Defendants will be minimal. Plaintiff's Original Complaint sets forth the facts surrounding the breach of contract claim. Further, Plaintiff's Original Complaint alleges essentially the same claim for damages, including Plaintiff's unpaid compensatory time, vacation time, holiday time, sick leave, and attorneys' fees.

Finally, continuing certain deadlines will cure any prejudice. The case has not been set for trial, discovery is ongoing and the parties are seeking additional time to file dispositive motions. (D.E. 33). The Court finds there is no bad faith or dilatory purpose in Plaintiff seeking leave to amend. The Court further finds Plaintiff has established good cause to amend his complaint and the prejudice to the Defendants will be minimal. Fed. R. Civ. P. 16(b)(4).

Therefore, Plaintiff's Opposed Motion For Leave To File An Amended Complaint (D.E. 29) is **GRANTED.** Plaintiff Randy Allen Weems' Second Amended Complaint (D.E. 31) has been filed with the Court and will be Plaintiff's live pleading.

The amendment of the complaint warrants an extension of the dispositive motion deadline. Therefore, Defendants' Unopposed Motion to Extend Dispositive Motion

Deadline (D.E. 33) is **GRANTED.** A separate amended scheduling order will be entered.

ORDERED this 24th day of March, 2015.

_____
Jason B. Libby
United States Magistrate Judge